# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs March 29, 2011
Remanded by the Supreme Court March 8, 2012

## ROBERT B. LEDFORD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 276337     Don W. Poole, Judge**

---

**No. E2012-00731-CCA-RM-PC - Filed May 15, 2012**

---

The pro se petitioner, Robert B. Ledford, appeals the Hamilton County Criminal Court's summary denial of his petition for writ of error coram nobis attacking his convictions of second degree murder, kidnapping, aggravated robbery, and theft. On initial review, this court affirmed the coram nobis court's summary denial because we concluded that coram nobis relief was not available to provide relief from a guilty-pleaded conviction. *Robert B. Ledford v. State*, No. E2010-01773-CCA-R3-PC (Tenn. Crim. App., Knoxville, May 4, 2011). The petitioner applied for permission to appeal this court's decision with the Tennessee Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. On March 8, 2012, the supreme court granted the application for permission to appeal for the purpose of remanding the case to this court for reconsideration in light of the supreme court's opinion in *Wlodarz v. State*, ___S.W.3d ___, No. E2008-02179-SC-R11-CO (Tenn. Feb. 23, 2012). Following our reconsideration, we conclude that the petitioner failed to present a justiciable claim warranting coram nobis relief and affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J.,delivered the opinion of the Court, in which JERRY L. SMITH, J., joined. J.C. MCLIN, J., not participating.

Robert B. Ledford, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

A Hamilton County grand jury charged the petitioner with three counts of felony murder, one count of premeditated murder, one count of aggravated robbery, one count of theft, and one count of especially aggravated kidnapping for his involvement in the January 2001 offenses culminating in the death of the seventy-four-year-old victim, Dorothy Lowery. Consequently, the petitioner could have faced sentences of death or life in prison without the possibility of parole, although the record is unclear whether the State actually filed a notice to seek enhanced punishment in this case. On September 12, 2002, the petitioner entered best interest guilty pleas to one count of second degree murder, aggravated robbery, especially aggravated kidnapping, and theft. *See generally Alford v. North Carolina*, 400 U.S. 25 (1980). Pursuant to the plea agreement, the trial court ordered the petitioner to serve an effective sentence of forty years' incarceration.

The petitioner filed a timely petition for post-conviction relief alleging that the ineffective assistance of counsel rendered his pleas unknowing and involuntary. The petitioner specifically claimed that trial counsel failed to request a mental evaluation of the petitioner, failed to adequately investigate the case, and failed to communicate with and advise the petitioner concerning the pleas. As summarized in this court's opinion addressing the denial of post-conviction relief, the facts stipulated at the plea submission hearing revealed that the victim

> was robbed, kidnap[p]ed from her residence in Ooltewah, and murdered. An investigation established that the petitioner, who was married to a relative of the victim, and Dennis Raby entered the victim's residence, bound her with duct tape, and ransacked the interior of her house. Afterward, the victim was placed in the trunk of her 1996 Chevrolet Impala and driven to another residence where Raby was seen in possession of her jewelry. A few days later, the body of the victim was discovered in a wooded area in Meigs County. The petitioner's fingerprints were found on a roll of duct tape used to bind the victim and on a Styrofoam cup located inside her residence. The cup also contained saliva identified as that of the petitioner. An autopsy revealed that the victim died as a result of blunt force trauma to the head and the body. Raby committed suicide as police attempted to make his arrest.

*Robert Ledford v. State*, No. E2004-01744-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Knoxville, Mar. 24, 2005), *perm. app. denied* (Tenn. Aug. 22, 2005). Significantly to our

-2-

analysis of the petitioner's coram nobis claim, trial counsel testified at the post-conviction evidentiary hearing that "[d]uring their discussions, the petitioner acknowledged participating in the crimes but denied killing the victim." *Id.*, slip op. at 2. The post-conviction court denied relief based upon its findings that trial counsel were not deficient and that the petitioner's pleas were knowingly and voluntarily entered. Upon review, this court affirmed the post-conviction court's action. *Id.*, slip op. at 5.

On May 28, 2010, the petitioner filed a pro se petition for writ of error coram nobis asserting that he had obtained new exculpatory evidence pursuant to a May 22, 2009 information request directed to the Hamilton County District Attorney's Office concerning investigative files in that office's possession.[1] The petitioner claimed that this newly discovered evidence revealed that the State had investigated up to 14 other individuals as possible suspects, that the victim's family members "tampered" with the crime scene by entering the victim's home before and after the authorities' arrival, that the autopsy report listed the victim's time of death as occurring after the defendant had already been apprehended and placed in the Hamilton County Jail, that the State withheld psychiatric records concerning the petitioner's "need of commitment into a psychiatric facility," and that the State destroyed evidence, specifically the clothing of Dennis Raby, which would have confirmed that Raby, not the petitioner, had committed the crimes.

Additionally, the petitioner alleged that he was prosecuted pursuant to a void grand jury presentment because the autopsy report listed the victim's time of death as occurring after the petitioner's apprehension by authorities and also listed the place of death as Meigs County, rather than Hamilton County where the crimes were prosecuted. In summary, the petitioner alleged that the "newly discovered evidence suggest[ed] a major cover-up in this case by the State" and requested "that this case be referred to the FBI and TBI, for a complete investigation, and during which the Petitioner will disclose pertinent other facts . . . involving the criminal activity in which the victim was engaged." The petitioner argued that the State withheld this evidence from him and that he would not have pleaded guilty had he known of it at the time of his pleas. Thus, he claimed that the "newly discovered evidence" rendered his pleas unknowing and involuntary.

The coram nobis court found that the petitioner's allegations concerned neither new nor material evidence. It also ruled that the allegations had been waived by the pleas and the petitioner's subsequent failure to raise the allegations in the post-conviction proceeding. Accordingly, the coram nobis court summarily denied the petition.

---

[1] The mailing certification signed by the petitioner indicates that the petition was mailed on May 21 and file-stamped by the Hamilton County Criminal Court Clerk on May 28.

On appeal, the petitioner contends that the coram nobis court erred by denying his petition without a hearing. He also contends that his pleas were involuntary in light of the newly discovered evidence "which was deliberately withheld by the State." The State responds that the coram nobis court properly denied the petition because the petition was untimely and because the petitioner failed to allege any grounds for coram nobis relief. At the outset, we note that the State did not affirmatively assert a statute of limitations bar in the coram nobis court. Consequently, the State is precluded from asserting the defense for the first time on appeal. *Calvin O. Tankesly v. State*, No. M2004-01440-CCA-R3-CO, slip op. at 7 (Tenn. Crim. App., Nashville, Aug. 19, 2005), *perm. app. denied* (Tenn. Feb. 6, 2006).

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999).

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b); *see State v. Vasques*, 221 S.W.3d 514, 525 (Tenn. 2007). Our supreme court has established the procedure for considering a coram nobis claim:

> [I]n a coram nobis proceeding, the trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result. [The court then determines] "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different."

*Vasques,* 221 S.W.3d at 527. To be successful on a petition for writ of error coram nobis, "the standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome." *Id*. at 526. The decision to grant or deny a petition for writ

of error coram nobis rests within the sound discretion of the coram nobis court. T.C.A. § 40-26-105; *State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

"The burden of proof on a petitioner for the grant of coram nobis relief is indeed heavy." *Wlodarz*, ___ S.W.3d at ___, slip op. at 8. In that vein, "a coram nobis petition will not lie where a petitioner was previously aware of the alleged 'newly discovered evidence.'" *Id*, slip op. at 17. At the post-conviction evidentiary hearing, the petitioner acknowledged his satisfaction with trial counsel's performance but claimed that the threat of a sentence of life in prison without the possibility of parole "affected his understanding of the [plea] agreement." *Robert Ledford*, slip op. at 2. The petitioner's attorneys testified that they "monitored the progress of the forensic investigation" of the petitioner's case. Furthermore, they explained to the petitioner that he could be found guilty of felony murder "even though he had not technically caused the victim's death." *Id*. Trial counsel's representation lasted almost 20 months from the date of the petitioner's arrest for the victim's January 2001 murder until his guilty plea in September 2002. The petitioner's attorneys testified at the post-conviction evidentiary hearing concerning their investigation of the case, the petitioner's admission of complicity in the offenses, and the petitioner's mental state at the time of the offense. Even absent an evidentiary hearing in the coram nobis court, we conclude that the record belies the petitioner's claim that he was not aware of the alleged newly discovered evidence prior to the entry of his guilty plea. Accordingly, we agree with the coram nobis court and conclude that "the alleged 'newly discovered evidence' does not qualify as new within the meaning of the coram nobis statute." *Wlodarz*, ___ S.W.3d at ___, slip op. at 18.

Furthermore, as noted by the supreme court in *Wlodarz*, "[a] valid best interest plea requires a factual basis." *Wlodarz*, ___ S.W.3d at ___, slip op. at 13. In this case, the petitioner admitted to his attorneys during pretrial discussions and to the trial court via the stipulation of facts at the guilty plea submission hearing that he participated in the kidnapping, robbery, and murder of the victim. His claims concerning other possible suspects, the victim's family's presence in the home during the investigation, and blood evidence purportedly found on his codefendant's clothing do not undermine his resulting conviction. The claims raised in the coram nobis petition illustrate not a "cover-up in this case by the State" but rather the petitioner's persistent misunderstanding of his criminal responsibility for his codefendant's actions in the face of the petitioner's own admissions of complicity made to investigators, counsel, and the trial court at multiple stages of the case. Therefore, we further agree with the coram nobis court that the evidence was not material.

*Conclusion*

The petitioner failed to present a justiciable claim for coram nobis relief.

Accordingly, we affirm the judgment of the coram nobis court.

_____

JAMES CURWOOD WITT, JR., JUDGE